IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MICHAEL R. MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:12-CV-191 (MTT) |
| | ) | |
| FLEX TEC and CHUCK FITCH, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

This matter is before the Court on *sua sponte* review of the pro se Plaintiff's

Complaint (Doc. 1) and on the Plaintiff's Motion to Request Proceeding to Reopen Case

Denied by the Supreme Court of Georgia (Doc. 5). The Plaintiff has not paid the filing

fee or requested to proceed without prepayment of the filing fee or security pursuant to

28 U.S.C. § 1915(a). Because the Plaintiff has not paid the filing fee, the Court will

assume he wishes to proceed in forma pauperis.

Pursuant to 28 U.S.C. § 1915(a), a district court must determine whether the

statements contained in a financial affidavit satisfy the requirement of poverty. *Martinez*

*v. Kristi Cleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). "[A]n affidavit will be held

sufficient if it represents that the litigant, because of his poverty, is unable to pay for the

court fees and costs, and to support and provide necessities for himself and his

dependents." *Id*.

Assuming the Plaintiff may proceed in forma pauperis, the Court is required to

dismiss the case if it (1) is frivolous or malicious, (2) fails to state a claim on which relief

may be granted, or (3) seeks monetary relief against a defendant who is immune from

such relief.  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if "it lacks an arguable

basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Because

the Plaintiff is proceeding pro se, however, his "pleadings are held to a less stringent

standard than pleadings drafted by attorneys and will, therefore, be liberally construed."

*Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citations omitted).

On June 21, 2011, the Plaintiff filed a Charge of Discrimination with the Equal

Employment Opportunity Commission, (Doc. 1 at 2), and on February 1, 2012, the

EEOC issued a Notice of Right to Sue letter (Doc. 3 at 3), advising the Plaintiff that he

must file his lawsuit within 90 days of receipt of that letter.  The Plaintiff asserts that he

attempted to file his claim in several state courts within the statutory filing deadline but

was unsuccessful because his filings were returned to him each time.  The Plaintiff did

not file this action until May 30, 2011.

Pursuant to Title VII of the Civil Rights Act of 1964, a plaintiff must file a civil

action in the appropriate district court within 90 days of receiving a right-to-sue letter

from the EEOC.  42 U.S.C. § 2000e-5(f)(1).  This 90 day statutory filing deadline applies

with equal force to claims brought under the Age Discrimination in Employment Act and

the Americans with Disabilities Act.  *Miller v. Georgia*, 223 Fed. Appx. 842, 844-45 (11th

Cir. 2007); 29 U.S.C. § 626(e); 42 U.S.C. § 12117(a).  A claim that is filed after the

deadline is subject to dismissal for frivolity.  *See Johnson v. SGD N. Am.*, 2010 WL

5107799 (N.D. Ga.) (dismissing as frivolous plaintiff's Title VII claim where plaintiff failed

to file complaint within 90 days of receiving EEOC right-to-sue letter); *see also Brown v.

John Deere Prod., Inc.*, 2010 WL 4180721 (S.D. Ga.) (same).

Further, the Plaintiff's Charge of Discrimination filed with the EEOC, in which he alleged that Flex Tec failed to hire him because of his disability, was based on a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*  The Plaintiff's Complaint, however, is based on a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* because the Plaintiff now alleges that Flex Tec did not hire him because of his prior criminal history.  The Plaintiff did not file his Title VII claim with the EEOC, and thus, the Plaintiff has failed to exhaust his administrative remedies on the claim before the Court.

Even if the Plaintiff had properly exhausted his administrative remedies on the Title VII claim, he has failed to state a claim under Title VII.  Although the Plaintiff asserts that his claim falls under disparate impact for racial discrimination,[1] he has not alleged any facts to support a disparate impact claim.[2]  The Plaintiff has also failed to establish a failure to hire claim.  To establish a *prima facie* failure to hire case, the Plaintiff must show that: (1) he was a member of a protected class; (2) he applied and was qualified for a position for which the employer was accepting applications; (3) despite his qualifications, he was not hired; and (4) the position remained open or was filled by another person outside of his protected class.  *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1273 (11th Cir. 2002) (internal citation omitted).  The Plaintiff's claim fails because his criminal conviction does not make him a member of a protected

---

[1] The Plaintiff does not allege in his Complaint that he was treated differently in the interview process or that Flex Tec failed to hire him because of his race.

[2] "To establish a *prima facie* case of disparate impact discrimination, a plaintiff must show (1) a significant statistical disparity among members of different racial groups; (2) a specific facially-neutral employment policy or practice; and (3) a causal nexus between that specific policy or practice and the statistical disparity." *Turner v. City of Auburn*, 361 Fed. Appx. 62, 65 (11th Cir. 2010).

class, he has not asserted that he was qualified for the position, and he has not alleged whether the position remained open or filled.

The Plaintiff has also filed a motion regarding an apparently unrelated matter[3] and requesting that this Court reopen a case in the Georgia Supreme Court in which that court denied certiorari.  This Court does not have the authority to grant the requested relief.

Accordingly, the Plaintiff's Motion to Request Proceeding to Reopen Case Denied by the Supreme Court of Georgia (Doc. 5) is **DENIED**.  Because of frivolity and failure to state a claim, the action is **DISMISSED without prejudice**.

**SO ORDERED**, this the 5th day of November, 2012.


S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[3] The Plaintiff does not explain what state court case he is referring to but names the State of Georgia as the sole defendant.